# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO V. MONTANO, | Case No. 1:15-cv-00452 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| DARREL ADAMS, et al., | |
| Defendants. | |

Plaintiff Antonio V. Montano ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 13, 2014, in the United States District Court for the Central District of California. On March 23, 2015, the action was transferred to the Eastern District and assigned to the docket of the undersigned.[1] Plaintiff names Warden Darrel Adams, Warden Carl Wolford, Warden J. Hartley, Classification Staff Representative Doe One, Correctional Counselor Doe Two, and Governor Jerry Brown as Defendants.

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---
[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on April 8, 2015.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Amistad de Los Angeles in Los Angeles, California. He was housed at California Institution for Men in Chino, California, when he filed this action. He was housed at Corcoran State Prison ("CSP") and Avenal State Prison ("ASP") during the time the

2

events giving rise to this action took place.

Plaintiff alleges the following. On May 4, 2010, Plaintiff was transferred from CSP to ASP. By November of 2010, Plaintiff was completely infected with Coccidiodomycosis/Valley Fever. Plaintiff was transported by ambulance and placed in a medical building where the facility doctor, Dr. Hickman, ordered X-rays. Dr. Hickman concluded that pneumonia had set in flooding both lungs. Plaintiff experienced needle-sharp burning sensations with each breath making every breath a labor of extreme suffering. Plaintiff's joints were filled with fluid which caused swelling throughout the body as well as confusion and blurred vision.

Plaintiff suffered egregious pain throughout his body, especially in the lungs. His lungs suffered permanent damage including a diminished capacity to produce oxygen and supply vital organs with oxygen-rich blood. As a result of contracting the Valley Fever virus, Plaintiff is now considered a high risk medical patient.

Prior to his transfer to ASP, Plaintiff had been Valley Fever/Coccidiodomycosis free, despite the fact that CSP is located in an area where Valley Fever is endemic.

Plaintiff claims Defendants violated his Eighth Amendment constitutional rights by subjecting him to cruel and unusual punishment, and his First Amendment constitutional rights by subverting his administrative appeals so as to transfer him to ASP.

Plaintiff asks for compensatory and punitive damages for his pain and suffering and permanent physical injuries. He further requests declaratory judgment that Defendants violated his rights, and injunctive relief for future medical care.

**C.   DISCUSSION**

   1.   Eighth Amendment – Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and quotations omitted). In order to state a claim for a violation

3

of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151–52 (9th Cir.2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th Cir.2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).  A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

   *a. Serious Medical Need*

In this case, Plaintiff alleges that he was transferred from CSP to ASP and soon after contracted the Valley Fever virus.  The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Sullivan v. Kramer, 2014 WL 1664983, at *5 (E.D. Cal. 2014); Lua v. Smith, 2014 WL 1308605, at *2 (E.D. Cal. 2014); Smith v. Yates, 2012 WL 1498891, *2 (E.D.Cal. Apr.27, 2012); Willis v. Yates, 2009 WL 3486674, at *3; King v. Avenal State Prison, 2009 WL 546212, *4 (E.D.Cal. 2009).  Therefore, to the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he fails to state a claim.  Smith, 2012 WL 1498891, *2 (citing King v. Avenal State Prison, 2009 WL 546212, *4); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D.Cal. Dec.9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D.Cal. Oct.23, 2009).  "One cannot state an Eighth Amendment claim based solely upon exposure to, or contraction of, Valley Fever." Chaney v. Beard, 2014 WL 2957469, at *3 (E.D. Cal. 2014); but, c.f., Beagle v. Schwarzenegger, 2014 WL 9866913 (E.D.Cal. 2014) (finding exposure to Valley Fever may state a claim under the Eighth Amendment).

   *b. Deliberate Indifference*

Plaintiff alleges that Defendants were responsible for his safety, security, health and well-being, and it was their decision to transfer Plaintiff to a location known by the Defendants to be

4

contaminated with Cocci/Valley Fever. Plaintiff claims that as a result of their decision, he contracted the Valley Fever virus. Taking these allegations as true, Plaintiff nevertheless has failed to establish that any Defendant acted with deliberate indifference. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir.2002)). The factual allegations set forth in the complaint do not establish that anyone "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. As noted above, ignorance of the need to act or negligent failure to act as they should have, does not give rise to a cognizable constitutional claim.

  2. First Amendment

Plaintiff also claims Defendants violated his First Amendment rights by placing him in an known infected area likely to cause death or serious bodily injury. Plaintiff vaguely claims that his First Amendment right to contest an adverse action was muted by Defendants. There is no factual basis for this claim. The allegations in the complaint are completely insufficient to support a claim under any provision of the First Amendment.

**D.** **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __**January 26, 2016**__          /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE